**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BALL AEROSOL AND SPECIALTY ) <br> CONTAINER INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIMITED BRANDS, INC., ) <br>     and ) <br> BATH & BODY WORKS, INC., ) <br>     and ) <br> HENRI BENDEL, INC., ) <br>     and ) <br> BATH & BODY WORKS, INC., ) <br> D/B/A THE WHITE BARN CANDLE CO., ) <br> ) <br>     Defendants. ) | Case No. 1:05-CV-03684 <br> Honorable Samuel Der-Yeghiayan <br> JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT OF INVALIDITY</u>**

**I.     INTRODUCTION**

This is an action for patent infringement wherein plaintiff Ball Aerosol and Specialty Container Inc. ("plaintiff") alleges that Limited Brands, Inc., Bath & Body Works, Inc., Henri Bendel, Inc., and Bath & Body Works, Inc., d/b/a The White Barn Candle Company (the "Limited Defendants") infringe Claims 1 and 5 of United States Patent No. 6,457,969 ("the '969 patent") (Exhibit 1)[1] by selling the Henri Bendel Home Travel Candle ("HBH Travel Candle"). The Limited Defendants seek summary judgment on the basis that Claims 1 and 5 of the '969

---

[1] All exhibits referred to herein are submitted to the court as attachments to the Statement of Undisputed Material Facts, filed concurrently herewith.

patent are invalid as anticipated under 35 U.S.C. § 102 or invalid as obvious under 35 U.S.C. § 103 based on a multitude of prior art references.

The '969 patent, entitled "Candle Tin," relates generally to candle holders, and more particularly, to a candle tin comprising a cup-shaped holder containing a candle, and a cup shaped removable cover which serves as a lid when the candle is not lit and as a base that supports the holder above a surface (e.g., a table) when the candle is burning. (Statement of Facts, ¶ 9 and Exhibit 1, col. 5, lines 44-48).

Candle tins such as these have long been known. The prior art includes references that disclose all of the structural elements of candle tins according to the invention of the '969 patent. (Statement of Facts, ¶¶ 19-20 and Exhibit 5, Office Action, pages 3-4; *see also,* Statement of Facts, ¶¶ 36-43 and Exhibit 9, Cover Page). The covers of the candle tins in these prior art references can readily be used to support the holders above the surface on which the tins are placed. (*See* Statement of Facts, ¶ 46 and Exhibit 11). Indeed, even the Examiner, in rejecting the original claims during prosecution of the '969 patent, found that it would be obvious to use the covers from the candle tins known in the art as a base to support the holder. (*See* Statement of Facts, ¶¶ 19-20 and Exhibit 5, Office Action, page 4).

As shown below, the express and implicit disclosures of the prior art, such as Wright and Pietruch, teach each and every element of Claims 1 and 5 of the '969 Patent.[2] There are no genuine issues of material fact with respect to the invalidity of Claims 1 and 5 in view of the references discussed herein. Accordingly, The Limited Defendants' motion should be granted.

---

[2] Detailed Claim Charts indicating how each element of Claims 1 and 5 of the '969 patent reads on the prior art discussed herein, either alone or in combination, is attached to Defendant's Statement of Undisputed Material Facts In Support of Their Motion For Summary Judgment of Invalidity as Exhibit 10, filed concurrently herewith.

2

## II.     STATEMENT OF FACTS

### A.     The '969 Patent

The '969 patent contains seven (7) claims, of which only independent Claims 1 and 5 are asserted in this case. (Statement of Facts, ¶ 13 and Exhibit 1, col. 5, ln. 34 through col. 6, ln. 57). Claims 1 and 5 generally require (1) a candle holder (i.e., container), (2) a removable cover that is used as a lid when the candle is not lit and as a base when it is lit, and (3) protrusions on the bottom of the holder to seat the holder on the closed end of the cover. (Statement of Facts, ¶ 14 and Exhibit 1, col. 5, lns. 35-53 and col. 6 lns. 10-29).

The '969 Patent was filed on August 9, 2000. (Statement of Facts, ¶ 11 and Exhibit 1, Cover Page). Jivan Khosla ("Khosla"), the inventor, conceived the '969 patented invention in May 2000. (Statement of Facts, ¶ 10 and Exhibit 2, p.81).

### B.     "The Wright and Pietruch Patent"

The Wright and Pietruch Patent, entitled "Formed Safety Bottom for a Candle Can," was originally filed as United States Provisional Application Serial No. 60/174,231 on January 3, 2000. (Statement of Facts, ¶ 33 and Exhibit 9, Cover Page). The Wright and Pietruch Patent was filed prior to the date of invention of the candle tin of the '969 Patent and is prior art to the '969 Patent under 35 U.S.C. § 102(e). (Statement of Facts, ¶ 35 and Exhibit 8, Cover Page).

The Wright and Pietruch Patent discloses a candle tin comprising a hollow candle holder closed at one end (i.e., cup shaped) in which a candle with a wick for burning is disposed. (Statement of Facts, ¶ 36 and Exhibit 8, page 3, line 23 to page 4, line 3) (Statement of Facts, ¶ 36 and Exhibit 9, col. 4, lines 15-25). The candle can 20 of the Wright and Pietruch Patent has an open top 25, and holds candle wax 24 and candlewick 23. (Statement of Facts, ¶ 36 and Exhibit 9, col. 4, lns. 24-25).

The candle can of the Wright and Pietruch Patent is further designed to avoid scorching the table or other supporting surface through the use of feet 52a located on the bottom of the can. (Statement of Facts, ¶ 44 and Exhibit 9, col. 3, lines 33-37, Wright and Pietruch Fig. 8). These feet raise the can above the surface e.g., a table on which it rests. (Statement of Facts, ¶ 44 and Exhibit 9, col. 3, lines 33-37, and Fig. 8).

Although the Wright and Pietruch Patent is concerned only with the bottom portion of a candle can, it was well known to use covers for such candles. (Statement of Facts, ¶ 40 and Exhibit 7, col. 5, lines 26-30, *see* Pietruch Fig. 1) (Statement of Facts ¶ 46 and Exhibit 11, col. 1, lines 9-12, lines 37-44 and lines 51-57) (Statement of Facts ¶ 24 and Exhibit 6, Figs. 1 and 4). Indeed, the majority of prior art listed on the face of the Wright and Pietruch Patent included "complete" cans, with their bottoms and covers. (*See* Statement of Facts ¶ 38 and Exhibit 9, Cover Page). Also, the Wright and Pietruch Patent shows a lip slightly below the upper rim of the can, which provides a stop for a cover. (Statement of Facts, ¶ 38 and Exhibit 9, Figs. 1, 3-4, 9-10). Indeed, even the '969 patent depicts an identical lip serving the identical purpose. (Statement of Facts, ¶ 39 and Exhibit 1, col. 2, lines 47-51; Figs. 1A-1B; 2A-2B; etc.).

C.   The Marchi Patent

Marchi United States Patent No. 3,285,694 (the "Marchi Patent") issued on November 16, 1966, and is entitled "Citronella Candle and Stand." (Statement of Facts ¶ 46 and Exhibit 11, Cover Page). The Marchi Patent explicitly discloses a cover that is used as a base when the candle is lit. (Statement of Facts ¶ 48 and Exhibit 11, col. 1, lines 9-12, lines 37-44 and lines 51-57; Exhibit 10, Table 5). Marchi explicitly discloses a cover that is placed upon the surface with the open end down, so the closed end of the cover supports the closed end of the candle holder. (Statement of Facts ¶ 49 and Exhibit 11, *see* Fig. 1 and 5).

    D.    <u>The Prior Art Explicitly and/or Inherently Disclose Covers on Candle Cans</u>

Most of the prior art cited on the face of the Wright and Pietruch Patent disclose cans and containers having covers. The Examiner of the '969 patent also noted the existence of such candle holders with covers, referring specifically to both the Schultz Patent and the Pietruch Patent. (Statement of Facts, ¶¶ 19-20 and Exhibit 5, Office Action, page 4). In the opinion of the Examiner, the use of the cover as a base was inherently disclosed in these references or at least well known in the art. (Statement of Facts ¶¶ 19-20 and Exhibit 5, Office Action, page 4). For example, she noted, "[r]egarding the functional recitations of the cover supporting the holder, etc., the examiner notes that the structure of Pietruch et al. is capable of performing such functions." (Statement of Facts, ¶ 20 and Exhibit 5, *see* Office Action, p.4). Similarly, with respect to the Schultz patent the Examiner stated: "[r]egarding the functional recitations of the cover supporting the holder, etc., the examiner notes that the structure of Schultz et al. is capable of performing such functions." (Statement of Facts, ¶ 19 and Exhibit 5, *see* Office Action, p.4). During prosecution, the plaintiff never disagreed.

## III.    LEGAL STANDARDS

    A.    <u>Summary Judgment Should Be Granted Where, as Here,  
There Are No Genuine Issues of Material Fact for Trial.</u>

Summary judgment in patent cases, as in any other type of case, is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The

5

party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In ruling on summary judgment, the Court construes the facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *See Anderson* at 255. However, the existence of a factual dispute is not sufficient to defeat a summary judgment motion; the non-moving party must present definite, competent evidence to rebut the motion. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004); *see also* Fed. R. Civ. P. 56(e). In short, the Court only accepts the non-moving party's version of any disputed facts if it is supported by relevant, admissible evidence. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). A "mere scintilla" of evidence in support of the non-movant's position is insufficient. *See Anderson* at 252.

A party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual evidence, that there is a genuine issue of material fact. *See id.* at 324. If it cannot, summary judgment is appropriate.

B.   Patent Claims Are Invalid When They Describe Nothing New Over the Prior Art

Under 35 U.S.C. § 102(e), a person is not entitled to a patent where the invention was described in "an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent." 35 U.S.C. § 102(e). Any such reference "anticipates" a later patent filing. To be anticipatory, a reference must disclose, either explicitly or inherently, each and every limitation of the claimed invention. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001).

Whether a claim limitation is inherently disclosed in a prior art reference is a question of fact. *Continental Can Co. v. Monsanto Co.,* 948 F.2d 1264, 1268 (Fed. Cir. 1991) (*citing Schreiber*, 128 F.3d at 1477). "Under the principles of inherency, if the prior art necessarily

functions in accordance with, or includes, the claimed limitations, it anticipates." *Telemac,* 246 F.3d at 1327-1328 (*quoting MEHL/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1365 (Fed. Cir. 1999)). Extrinsic evidence may be relied upon to demonstrate that a claim limitation is inherent in prior art. *Continental,* 948 F.2d 1268 (Fed. Cir. 1991).

The present case of invalidity is rendered easier for the Court by the fact that the asserted Claims 1 and 5 are invalidated by prior art never considered by the Patent Office Examiner who reviewed the '969 patent application. The party seeking to invalidate a patent has the burden of proving the invalidity of the patent's claims by "clear and convincing" evidence because issued patents are presumed valid. 35 U.S.C. § 282. This "clear and convincing" evidentiary standard has been described as evidence that produces in the mind of the trier of fact, "an abiding conviction that the truth of [the] factual contentions are 'highly probable'". *Buildex, Inc. v. Kason Indus. Inc.*, 849 F.2d 1461, 1463 (Fed. Cir. 1988). Where, as here, there is detailed and undisputed evidence of prior art that anticipates a claim or renders it obvious, summary judgment of invalidity is warranted. This is especially true where the prior art being relied on to invalidate the patent was not considered by the Patent Office (PTO) prior to issuing the patent. *Aktiebolaget Karlstads Mekaniska Werskad v. U.S. Int'l Trade Comm'n*, 705 F.2d 1565 (Fed. Cir. 1983).

This Court need not *disagree* with or *defer* to the PTO's judgment when relevant prior art that was not before the Examiner is put before it. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984). (Emphasis in original). In such circumstances, the deference ordinarily given to the Examiner is at least partially (if not entirely) discharged, and the prior art may carry more weight and go further toward sustaining the attacker's unchanging burden. *Id.*

## IV. THE PRIOR ART WRIGHT AND PIETRUCH PATENT'S CANDLE CAN MEETS EVERY REQUIREMENT OF CLAIMS 1 AND 5 OF THE '969 PATENT

By statute, the term "prior art" includes, *inter alia*, prior publications, prior knowledge, prior patents, offers for sale, and public uses that occurred either (a) before the date of invention of the subject matter claimed in the patent or (b) more than one year before the filing date of the patent application. *See* 35 U.S.C. §§ 102 (a), (b), (e), and (g). The Wright and Pietruch Patent, the Schultz Patent, the Pietruch Patent and the Marchi Patent all qualify as prior art with respect to Claims 1 and 5 of the '969 patent because each was filed before the '969 patent application (no earlier than May 2000).

A patent claim is invalid if the claim language describes nothing new over the prior art. 35 U.S.C. § 102; *In re Paulsen*, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994). There is nothing new recited in Claims 1 or 5 of the '969 patent that is not disclosed in the prior art, including the Wright and Pietruch Patent. (Statement of Facts, ¶¶ 36-39 and Exhibit 10, Table 2).

Wright and Pietruch filed their provisional application, which later issued as a patent, on January 3, 2000. (Statement of Facts, ¶ 33 and Exhibit 9, Cover Page). The '969 patent was not filed until August 9, 2000, and admittedly was not conceived by Mr. Khosla until May 2000, four months after the Wright and Pietruch Patent was filed. (Statement of Facts, ¶ 11 and Exhibit 2, p. 81, lines 13-28). Wright and Pietruch teach each and every element of Claims 1 and 5 of the '969 patent. (Statement of Facts, ¶¶ 36-39 and Exhibit 10, Table 2). Accordingly, Wright and Pietruch is a statutory bar to the patentability of at least Claims 1 and 5 under 35 U.S.C. § 102(e). *In re Ruscetta*, 255 F.2d 687, 689-90 (C.C.P.A. 1958). The element-by-element comparison set forth in the attached Claim Charts demonstrates that Wright and Pietruch disclose every element of, and therefore anticipate, at least Claims 1 and 5 of the '969 patent. (Statement of Facts, ¶¶ 36-39 and Exhibit 10, Table 2).

8

In particular, Claims 1 and 5 require a candle tin. The Wright and Pietruch Patent discloses a candle "can". (Statement of Facts ¶ 36 and Exhibit 2, p. 18, lines 13-20). During his deposition, the inventor of the '969 patent Mr. Khosla testified that "can" and "tin" are two terms with the same meaning. (*See* Statement of Facts, ¶ 36 and Exhibit 2, p.19, lns. 13-20).

The Wright and Pietruch Patent inherently includes a cover for the can, which can be used as a base. A can, by definition, is a metal typically cylindrical receptacle usually with an open top, often with a removable cover. The Wright and Pietruch Patent also includes protrusions on the lower surface of its can bottom which raise the can bottom above the surface. (Statement of Facts ¶ 43 and Exhibit 9, Fig. 8, indicated by 52, 52a, 52b; col. 3, lns. 33-37).



It is self-evident that a cover could readily be used with the holder disclosed in the Wright and Pietruch Patent and used as a base. (Statement of Facts ¶ 42 and Exhibit 9, Figs. 1, 3-4, 9-10). In fact, Fig. 1 of the Wright and Pietruch Patent (shown above) depicts a tin candle holder having a rib near its upper edge to hold a cover in place. (Statement of Facts, ¶ 38 and Exhibit 9, Figs. 1, 3-4, 9-10). Pietruch, co-inventor of the Wright and Pietruch Patent, was also the inventor of prior art cited by the Examiner of the '969 patent that discloses a candle container having a cover, said container having a lip below the top edge that supports the cover in place.

(Statement of Facts, ¶ 42 and Exhibit 7, Fig. 1).  Mr. Malguarnera, defendant's expert, concluded by stating "any fair reading of Wright demonstrates that a cover is expressly contemplated". (Statement of Facts, ¶ 38 and Exhibit 10).  Indeed, the '969 patent describes the rib located "a distance generally corresponding to the height of cover 50 so lower edge 54 of the cover fits against the upper portion of rib 56 when the cover is in place".  (Statement of Facts, ¶ 39 and Exhibit 1, col. 3, lines 23-27).  The '969 patent does not state anything to support plaintiff's expert's testimony that the sole purpose of the rib was as a "stiffening bead or rib" for the sidewall of the holder.  (Statement of Facts, ¶ 40 and Exhibit 1, col. 3, lines 23-27).

The law is clear that if a single reference in the prior art meets the requirements of a claim of a later patent either expressly or inherently, that claim is invalid for anticipation. *Verdegaal*, 814 F.2d at 631.  Here, the Wright and Pietruch Patent discloses every element of at least Claims 1 and 5 of the '969 patent.

Since there are no genuine issues of material fact for trial with respect to the invalidity of Claims 1 and 5 '969 patent in view of the Wright and Pietruch Patent, summary judgment is respectfully requested.

**III. CLAIMS 1 AND 5 OF THE '969 PATENT ARE OBVIOUS IN VIEW OF THE WRIGHT AND PIETRUCH PATENT, EITHER ALONE OR IN VIEW OF THE PIETRUCH PATENT OR THE MARCHI PATENT**

As discussed above, the Wright and Pietruch Patent reads on every aspect of at least claims 1 and 5 of the '969 patent.  Nevertheless, even if a claim describes something not shown in a single prior art reference, the claim is still invalid if the difference between the claim and the prior art reference would have been obvious to one of ordinary skill in the art at the time the patent application was filed. 35 U.S.C. § 103; *In re Young*, 927 F.2d 588, 591 (Fed. Cir. 1991).

The Wright and Pietruch Patent, the Schultz Patent, the Pietruch Patent, and the Marchi Patent all qualify as prior art to the '969 patent by statute since they are prior patents that occurred either (i) before the date of invention of the subject matter claimed in the '969 patent or (ii) more than one year before the filing date of the patent application leading to the '969 patent. See 35 U.S.C. § 102 (a), (b) and (e).  All of the prior art set forth herein was on file with the Patent Office before, and sometimes long before Khosla, the named inventor on the '969 patent conceived of the claimed invention.

Each of these prior art patents disclose candle holders having a closed end (i.e., are cup shaped) and an open end for receiving a candle.  The candles described in each of the references have a wick intended for burning, and when lit, heat is transferred through the holder to the surface on which it is placed.  These references teach various solutions for solving this problem – including the use of feet on the bottom of the holder and use of a cover as a base in order to raise the holder above the surface. (Statement of Facts, ¶¶19-29, 33-50 and Exhibit 10).  Specifically, the Wright and Pietruch Patent discloses protrusions or "feet" on the bottom surface of a candle holder:

> "[t]he annular can support ring 52 may also be provided with bumps 52a, 52c Fig. 2 and 52d [sic] Figs. 7,8 the presence of which further diminish the area of contact of the candle can 40 with a support surface not shown."

(Statement of Facts and Exhibit 8, Fig. 8, elements 52, 52a, 52b; page 8, ln. 27 through page 9, ln. 2).

Moreover, Claims 1 and 5 of the '969 patent are also invalid as being obvious in view of the Wright and Pietruch Patent in combination with the Marchi Patent.  The Marchi Patent, which issued on November 16, 1966, and is entitled "Citronella Candle and Stand", was not cited during prosecution of the '969 Patent.  Importantly, as shown in the figures reproduced below,

the Marchi Patent discloses a candle container having a cover specifically designed for use as a base to support the holder above a surface (i.e., to prevent heat damage when the candle is lit). (Statement of Facts, ¶¶ 44-50 and Exhibit 11, col. 1, lines 9-12, lines 37-44 and lines 51-57). In fact, the only element of Claims 1 and 5 arguably missing from the Wright and Pitruch Patent – a cover that can serve as a base – is clearly shown in the Marchi Patent. With both references related to candle containers, the motivation to combine is self-evident.



Similarly, Claims 1 and 5 of the '969 patent are also invalid as being obvious in view of the Wright and Pietruch Patent in combination with the Pietruch Patent. (Statement of Facts, ¶¶ 25-29, 33-43 and Exhibit 10). Importantly, as depicted in the figure below and as recognized by the Examiner, the Pietruch Patent discloses a cover which may be used as a base to support the holder. (Statement of Facts, ¶ 29 and Exhibit 7) (Statement of Facts, ¶ 20 and Exhibit 5, Office Action, page 4).



Pietruch Fig. 1

As with the Marchi Patent, the motivation to combine the Pietruch Patent's cover with the Wright and Pietruch Patent's candle tin is apparent on its face, and such combination discloses all of the elements of Claims 1 and 5 of the '969 patent.

## V. CONCLUSION

As a matter of law, Claims 1 and 5 of the '969 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of, either alone or in combination, one or more of the Wright and Pietruch Patent, the Schultz Patent, the Pietruch Patent, and the Marchi Patent. Neither the Wright and Pietruch Patent nor the Marchi Patent were considered by the Patent Office before issuing the '969 patent.

For foregoing reasons, the Limited Defendants' respectfully request that this Court grant its motion for summary judgment of invalidity of at least Claims 1 and 5 of the '969 patent under 35 U.S.C. §§ 102(e) and/or 103.

Respectfully submitted,

Dated: May 1, 2006

s/ David M. Hill
Marc S. Blackman
Bar Registration No.: 6236719
E-Mail Address: msblackman@jonesday.com
JONES DAY

77 West Wacker Drive
Chicago, Illinois 60601-1692
Telephone: 312-782-3939

John F. Ward
E-Mail Address: wardj@wardolivo.com
David M. Hill
E-Mail Address: hilld@wardolivo.com
Michael J. Zinna
E-Mail Address: zinnam@wardolivo.com
Ward & Olivo
708 Third Avenue
New York, New York 10017
Telephone: 212-697-6262

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with Court:

>David J. Fish
>Edward J. Manzke
>Robert K. Dawidiuk
>The Collins Law Firm, P.C.
>1770 North Park Street, Suite 200
>Naperville, Illinois 60563
>
>and
>
>William B. Cunningham
>Douglas D. Churovich
>McPherson D. Moore
>Ned W. Randle
>Polster, Lieder, Woodruff & Lucchesi, L.C.
>12412 Powerscourt Drive, Suite 200
>St. Louis, Missouri 63131

s/ David M. Hill
One of the Attorneys for Defendants