**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BALL AEROSOL AND SPECIALTY CONTAINER, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:05-cv-03684 |
| v. | )<br>) Hon. Samuel Der Yeghiayan |
| LIMITED BRANDS, INC., et al., | )<br>) |
| Defendants. | ) |

**BALL'S OPPOSITION TO DEFENDANTS' MOTION TO ALTER OR AMEND THE
FINAL JUDGMENT PURSUANT TO RULE OF CIVIL PROCEDURE 59(e)**

I.  **INTRODUCTION**

Defendants' Motion To Alter Or Amend The Final Judgment Pursuant To Rule Of Civil Procedure 59(e) (d/e 224 - "Defendants' Motion") is procedurally and substantively defective, and should be denied. After waiting seventeen (17) months since the Court's well-reasoned and correctly decided *Markman* Order, and after waiting fourteen (14) months since the Court's well-reasoned and correctly decided Orders of infringement and validity (which delays in themselves undermine the fundamental equitable purpose of Rule 59(e))[1], Defendants now ask this Court to vacate not only those Orders, but also vacate its well-reasoned and correctly decided damages Order and reject the Court's proper determination of willful infringement. Defendants' lack of confidence is demonstrated by their "shotgun" Motion, hoping that the Court will find credence in at least one of their *potpourri* of misleading and unfounded snippet-type arguments.

However, Rule 59(e) motions are improper where the party previously asserted or had the opportunity to assert the argument reiterated in the Rule 59(e) motion. There is nothing new in Defendants' Motion[2], and Defendants impermissibly rehash their failed arguments to try to convince the Court that it somehow failed to listen to the Defendants' previous briefs. This alone is sufficient to reject Defendants' Motion. Moreover, Defendants fail to establish that there was any *bona fide* manifest error that would warrant the Court's reconsideration. Contrary to Defendants' strained assertions, the Court properly considered and correctly decided each of the issues challenged by Defendants.

In particular, Defendants argue that:

a.  The Court committed "manifest error" in its construction of the '969 Patent claims. This is simply a rehash of Defendants' failed *Markman* arguments, and is wholly inappropriate. The new Federal Circuit case concerning the "reasonably capable" doctrine cited by Defendants is inapplicable here;

---

[1] Although there may be no procedural bar to the Defendants' election to file a motion to reconsider at this time, the Defendants' timing flies in the face of the fundamental purpose of Rule 59(e). Rule 59(e) is designed to "prevent unnecessary relitigation." *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 659 (7th Cir. 1981). Defendants had well over a year to challenge the Court's infringement and validity orders through requests for reconsideration or to certify for appeal, but waited silently as further extensive and expensive litigation continued as to damages.

[2] With the exception of a lone inapplicable Federal Circuit case concerning the "reasonably capable" doctrine, which is discussed in Section III.A.4. below.

1

b. The Court failed to provide Defendants with notice and an opportunity to be heard prior to issuing its well-reasoned *sua sponte* summary judgment of validity. This also improperly rehashes as Defendants already filed a brief and argued this very issue before the Court. Defendants even dedicate nearly two pages of their present brief to improperly re-arguing anticipation, obviousness and indefiniteness, and ignore their burden of clear and convincing evidence. Defendants again point to *KSR Int'l Co. v. Teleflex*. However, Defendants ignore that: at the Court's order, the parties already briefed *KSR*, the Court considered those arguments, and properly upheld its rejection of obviousness. Consequently, *KSR* likewise provides no basis for Defendants' Rule 59(e) Motion;

c. "The issue of damages" was not appropriate for summary judgment. This is legally specious and disingenuous. It is hornbook law that any disputed matter, including damages, may be decided by summary judgment if there exist no genuine issues of material fact. Defendants cite no case to the contrary. Defendants also unwittingly claim: "Tellingly, the Limited Defendants have been unable to locate a single Federal Circuit case where a reasonable royalty was properly determined on summary judgment." Yet, this Court's summary judgment determination of a reasonable royalty in *Mitutoyo* was upheld by the Federal Circuit[3] two weeks before Defendants filed the present motion. Moreover, Defendants themselves sought summary judgment as to damages. Unsatisfied with the result, Defendants now strenuously argue they were improperly denied a jury trial (and inexplicably inject an irrelevant argument as to appellate standards of review). Defendants' position is specious and disingenuous; and

d. Reconsideration of willfulness is appropriate in light of *In re Seagate*[4]. However, the Court decided willfulness <u>after</u> *Seagate*, and Defendants fail to establish that the Court did not consider *Seagate* or that the Court's opinion is inconsistent with *Seagate*. While Defendants also argue that they were improperly denied a jury trial (based primarily on a misguided argument concerning appellate standards of review), this is also specious as summary judgment is a proper vehicle to dispose of cases, such as this, where no underlying genuine issues of fact exist – including determination of willfulness.

---

[3] *Mitutoyo Corp. v. Central Purchasing, LLC*, 2007 WL 2482137 (Fed. Cir. 2007).
[4] 497 F.3d 1360 (Fed. Cir. 2007).

What Defendants fail to accept is the Court properly considered the Defendants' "evidence" under the proper summary judgment standards, and correctly found that Defendants' "evidence", *even when viewed in the light most favorable to Defendants*, was insufficient to survive summary judgment.

To the extent that the Court elects to reconsider any of the topics challenged in Defendants' Rule 59(e) Motion over Ball's Opposition, Ball expressly requests and reserves the right to fully brief any and all such topics.

## II.     LAW OF RECONSIDERATION

### A.     Reconsideration Is Only Appropriate When The Court Has Committed A "Manifest Error Of Law Or Fact", Or For The Presentation Of Newly Discovered Evidence.

"[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Sigsworth v. City of Aurora, Ill.* 487 F.3d 506, 512 (7th Cir. 2007)(quoting with approval *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995). "[I]t is well-settled that *a Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment*....'" *Sigsworth*, 487 F.3d at 512 (citations omitted). A manifest error is "[a]n error that is *plain and indisputable*, and that amounts to a *complete disregard* of the *controlling law or the credible evidence* in the record." *Black's Law Dictionary* 563 (7th ed. 1999)(emph. added).

### B.     Reconsideration Attacks On Summary Judgment Decisions Are Viewed With Great Suspicion.

Of particular significance here is that the Seventh Circuit has emphasized that, "*A party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it.'*" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996)(citations omitted)(emph. added). "*Belated factual or legal attacks are viewed with great suspicion*, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. *Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion*." *Id.* (citations omitted)(emph. added).

3

### III. ARGUMENT

**A. Defendants' Challenge To The Court's Summary Judgment Of Infringement Is An Improper Rehash Of Previous Arguments While The Court's Opinion Was Proper And <u>Not</u> Based On Manifest Error.**

1. *Defendants' "new argument" that the Court incorrectly construed the claims of the '969 Patent is improper as it contains nothing more than a rehash of Defendants' failed claim construction arguments.*

After already extensively briefing claim construction, Defendants improperly attempt to use Rule 59(e) to rehash their failed arguments and attack the Court's proper claim construction Order (d/e 102). (*See* d/e 224 pp. 1-3). Without citing any new law or evidence, Defendants repeat their rejected interpretation of the "seat" limitation in the patent Claims. (*Id.*). However, Defendants already extensively briefed this issue in both their original and reply claim construction briefs. (d/e 92 pp. 8-12; d/e 94 pp. 2, 5-6, 10-11). The Court considered and correctly rejected the Defendants' arguments. (d/e 102 pp. 4-6). Defendants therefore have no basis to seek reconsideration of claim construction, which warrants denial of their Motion.

2. *Defendants' "new argument" that the Court misunderstood or misapplied the doctrine of "reasonable capability" is nothing more than a rehash of Defendants' repeated failed arguments.*

Similarly, Defendants again rehash their rejected interpretation of the "reasonably capable" doctrine, and criticize the Court for having an "erroneous understanding" of the pertinent law. (d/e 224 pp. 3-5)[5]. This topic was also extensively briefed by Defendants in multiple briefs. (*See* d/e 111 pp. 9-12; d/e 117 pp. 2, 5-7, 9-15; d/e 125 pp. 2-4, 10-12). The Court considered and correctly rejected Defendants' arguments. (d/e 139 pp. 15-19). While Defendants attempt to cloak their rehashed argument in a new guise (asserting that the Court overlooked certain aspects of the language of the claims (d/e 224 pp. 3-4)), "a Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth*, 487 F.3d at 512. Even if new, Defendants certainly could have made this argument long before now. Hence, no basis exists

---

[5] Defendants' mention the recent Federal Circuit decision of *ACCO Brands,* 2007 WL 2609976 (Fed. Cir. 2007), in passing at the tail end of Defendants' "reasonably capable" argument. However, *ACCO Brands* is readily distinguishable and not applicable to the present case, as discussed in Section III.A.4. below.

4

upon which to seek reconsideration of the Court's correct application of the "reasonably capable" doctrine, which warrants denial of Defendants' Motion in that regard.

> 3. *Contrary to Defendants' rehashed arguments, apparatus claims such as Claims 1 and 5 of the '969 Patent are directly infringed if the accused product is reasonably capable of being used without misuse or substantial modification in the manner recited by such claims.*

Defendants re-argue that direct infringement requires proof that their accused product has been configured by the Defendants with the cover open end down on a surface, and the holder atop the cover such that the holder's protrusions rest on the cover. Defendants do not deny that their accused product is reasonably capable of being configured as in Claims 1 and 5, but only argue that there is no showing that such configuration has occurred. This is not the standard.

As this Court correctly found, an apparatus claim may include functional limitations. (d/e 139 p. 15). Typically, many if not most apparatus patent claims describe functional limitations of the claim's structural elements so as to specify operational cooperation between the recited structural components. The Federal Circuit has consistently interpreted such functional claim language to mean that an accused product "need only be capable of operating" in the manner recited in the claim to literally infringe that claim. *See, e.g., Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991). "[T]here is no intent element to *direct* infringement." *Id.* Consequently, an "accused device, **to be infringing, need only be capable of operating in the page mode**. Contrary to GI/M's argument, **actual page mode operation in the accused device is not required**." *Id.* (emph. added).

Multiple cases have followed and further established this doctrine. *See, e.g., The Kegel Co., Inc. v. AMF Bowling, Inc.,* 127 F.3d 1420, 1429 (Fed. Cir. 1997)(finding infringement of apparatus claim where accused device was capable of being used in infringing manner without alteration); *DoorKing, Inc. v. Sentex Systems, Inc.,* 19 Fed.Appx. 872, 878 (Fed. Cir. 2001)(attached as <u>Exhibit 1</u>, and incorporated by reference herein)(reversing district court's grant of summary judgment of noninfringement and confirming "that an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing use."); *Key Pharms. v. Hercon Lab. Corp.*, 981 F. Supp. 299, 310 (D. Del. 1997), *aff'd* 161 F.3d 709 (Fed. Cir. 1998)(construing claim limitation … "as requiring only that the layer **be capable** of maintaining contact with the skin of a patient for that amount of time")(emphasis added); and *Huck Mfg. Co. v. Textron, Inc.,* 187 U.S.P.Q. 388, 408 (E.D. Mich.

5

1975)("The fact that a device may be used in a manner so as not to infringe the patent is not a defense to a claim of infringement against a manufacturer of the device if it is also ***reasonably capable*** of a use that infringes the patent.")(emphasis added)(attached as Exhibit 2, and incorporated by reference herein). Significantly, none of these numerous cases require that the accused product must be proven to have been used in the manner recited in the claim in order to establish direct infringement.

Still unsatisfied with the law, Defendants this time unconvincingly (and improperly – *see* § III.A.2 above) argue that Claims 1 and 5 somehow fall outside the "reasonably capable" doctrine because the claims state "the cover … being placed upon the surface" as opposed to "the cover being place*able* upon the surface" or "the cover being sett*able* upon the surface." (d/e 224 p. 4)(emph. in orig.). This, Defendants argue, proves the claims *require* such a configuration instead of requiring the capability for such configuration. This is Defendants' latest tempest in a teapot. While Defendants point to *Intel* and claim that such "-*able*" language in the *Intel* patent claim "forced the result in *Intel*" (*id.* at pp. 3-4), they actually cite no such statement of law in *Intel* itself (*id.*). Consequently, there is no explanation for why the phrase "being placed upon the surface" is any less related to capability than the convoluted phrase "being place*able* upon the surface", and there is no law that supports Defendants' strained argument. Of course, this is another legal argument that Defendants could have asserted in their prior briefing.

> 4. *To the extent that the three judge panel in* <u>ACCO Brands</u> *addresses the "reasonably capable" doctrine, it is in the context of INDIRECT (e.g. induced) infringement, which has no applicability to the present case.*

The only new case cited by Defendants that concerns the "reasonably capable" doctrine is *ACCO Brands, Inc. v. ABA Locks Mfg. Co.*, 2007 WL 2609976 (Fed. Cir. 2007). However, *ACCO Brands* is inapplicable to the present case. *ACCO Brands* concerns *induced* infringement, as opposed to direct infringement itself, as in the present case. *See generally id.* This is significant because it is well-established patent law that in order to prove induced infringement there must be proof of an underlying act of direct infringement. As noted in *ACCO Brands*:

> "In order to prevail on an ***inducement*** claim, the patentee must establish '***first that there has been direct infringement***, …'" *Id.* at *4 (citation omitted)(emph. added).

> "There can be no ***inducement or contributory infringement*** without an ***underlying act*** of direct infringement." *Id.* at *5 (citation omitted)(emph. added).

6

The *ACCO Brands* Court did not disturb the well-established "reasonably capable" doctrine, and consistently couched its discussion in terms of indirect (induced) infringement – the issue on appeal in that case. *See, generally, id*. Rather, while expressly acknowledging the doctrine in *Hilgraeve Corp. v. Symantic Corp.*, 265 F.3d 1336 (Fed. Cir. 2001), the *ACCO Brands* Court merely rejected ACCO's attempt to stretch the doctrine to cover induced infringement. *ACCO Brands,* 2007 WL 2609976 at *5. ("That broad legal statement [of the 'reasonably capable' doctrine] does not alter the requirement that ACCO must prove specific instances of direct infringement or that the accused device necessarily infringes the patent in suit, <u>in order to sustain the jury verdict of **induced** infringement</u>." – emph. added).

This also makes common sense. Premising direct infringement itself on proof that an accused product is used in a configuration recited in a patent claim would eviscerate the entire "reasonably capable" doctrine. That is, once proof is adduced that a product accused of direct infringement has indeed been used in a configuration recited in a claim (without alteration), then there is no need to establish that the accused product is "reasonably capable" of being used in that manner. Hence, improperly reading *ACCO Brands*, as Defendants apparently suggest, would be in direct conflict with the precedential series of cases in concert with *Intel* – which the three judge panel in *ACCO Brands* Court was careful to avoid.

The holding in *ACCO Brands*, therefore, merely stands for the proposition that the "reasonably capable" doctrine cannot be extended as a basis to establish indirect (e.g. induced) infringement – that there must still be proof of an act of direct infringement. *Id*. As such, *ACCO Brands* has no impact on the application of the "reasonably capable" doctrine to cases of direct infringement itself, and has no applicability to the present case.

  **B.**  **Defendants' Challenge To The Court's Well-Reasoned *Sua Sponte* Summary Judgment Of Validity Is Also An Improper Rehash Of Previous Arguments And The Court Already Considered And Rejected Defendants' Briefed Arguments As To *KSR v. Teleflex*.**

    1. *Defendants' "new argument" that the Court's sua sponte summary judgment of the '969 Patent's validity was in error is improper as it contains nothing more than a rehash of Defendants' previously rejected arguments.*

Defendants' argue here that the Court should not have entered summary judgment of validity *sua sponte* because: (i) Defendants were precluded from presenting additional evidence

7

of invalidity on the grounds argued in their invalidity summary judgment briefs (*see* d/e 112-114, 126); and (ii) Defendants were wrongfully deprived of the opportunity to argue indefiniteness (35 U.S.C. § 112 ¶ 2). Both of these are misleading and fail to warrant reconsideration.

First, Defendants descry the unfairness of not being able to present additional evidence of invalidity as to their failed summary judgment grounds for invalidity. However, Defendants fail to present (or even point to) a single shred of additional evidence (credible or otherwise) to indicate any basis to reconsider validity. (*See* d/e 224 pp. 5-11). Instead –*and once more ignoring their burden of **clear and convincing evidence*** - Defendants improperly rehash their obviousness (*id.* at p. 7) and anticipation (*id.* at p. 8) arguments. For example, Defendants argue that they could have "*perhaps* submit[ed] additional evidence" as to motivation to combine. (*Id.* at p. 7)(emph. added). Yet, Defendants present no *actual* "additional" evidence. Defendants' reliance on some "mystery" evidence simply forms no basis to reconsider under Rule 59(e).

Moreover, under Seventh Circuit law, Defendants are not entitled to reconsideration as they were provided ample opportunity to be heard and have presented no new evidence. For example, in *Jones v. Union Pac. R.R. Co.*, 302 F.3d 735, 740 (7th Cir. 2002), the Seventh Circuit upheld *sua sponte* summary judgment, reciting: "When there are no issues of material fact in dispute, a district judge may grant summary judgment in favor of the non-moving party or may grant summary judgment even though no party has moved for summary judgment . . . as long as the losing party is given notice and an opportunity to come forward with its evidence." *Id.* Just as the Defendants here, the losing party in *Jones* asserted "that because the district court did not specifically state that it was considering the defendant's response brief as a cross-motion for summary judgment – or considering it *sua sponte* – that he was not on notice to come forward with all of his evidence." *Id.* The Seventh Circuit rejected the claim, reasoning that because the losing party "had moved for summary judgment" in his own right (just as the Defendants here moved for summary judgment of invalidity) and "marshaled all the favorable evidence available in support of that motion" (just as the Defendants did here), that it was on notice of the Court's consideration of summary judgment as to liability overall and had ample opportunity to be heard. *Id.* Significantly, the Seventh Circuit noted that the losing party did not "cite to any additional evidence to add to that which he brought forward in his original motion ... [and therefore] the granting of summary judgment [against him] did not deprive him of the opportunity to present any beneficial evidence." *Id.* Just as in *Jones*, Defendants here have come forward with no

8

additional evidence. Moreover, as discussed in the next paragraph, Defendants submitted an entire summary judgment motion, statement of facts and brief on indefiniteness, and even had the opportunity to press their position during oral argument on the Motion for Leave. Hence, Defendants actually had more opportunity to be heard than the losing party in *Jones*.[6]

As to Defendants' second contention, contrary to their protestations[7], Defendants were given the opportunity to present and argue their indefiniteness argument to the Court. On August 11, 2006, Defendants filed their Motion for Leave to File Supplemental Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 112, ¶ 2. (d/e 158 and Exhs. A – C thereto). Attached to that motion were the fourteen (14) pages of fully drafted argument, including: (i) a Supplemental Motion for Summary Judgment as to indefiniteness; (ii) a Statement of Undisputed Material Facts in Support; and (iii) a Memorandum in Support. *See id.* Further, on August 16, 2006, the Court heard oral arguments to consider Defendants' Motion for Leave, during which Defendants had the opportunity to present their position as to purported indefiniteness. (A copy of the transcript of the argument is attached hereto as Exhibit 3, and incorporated by reference herein). Hence, the Court not only had before it Defendants' arguments, such as they are, concerning indefiniteness, but also gave Defendants the opportunity to present oral argument as to the substance of such allegations.[8]

Moreover, as was pointed out to the Court by Ball, Defendants waived their indefiniteness defense in discovery with evasive and nonresponsive answers to Ball's requests. (d/e 161 pp. 5-8). These points were raised during oral argument on Defendants' Motion for Leave. *See* Exh. 3. Failing to provide Ball with proper responses to Ball's discovery requests on

---

[6] *See also Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 892-893 (7th Cir. 2005)(upholding *sua sponte* summary judgment where "issue in the [summary judgment order] was similar to the one fully argued with respect to [the parties' motions]"). *See also Carolina Cas. Ins. Co. v. E. C. Trucking*, 396 F.3d 837, (7th Cir. 2005)(upholding *sua sponte* summary judgment on coverage of insurance policy where the losing party raised the issue of coverage in its summary judgment motion). "Having placed this issue before the district court at a time when the court was actively considering summary judgment motions, [the losing party] cannot now complain that it was denied an opportunity to present evidence on the issue." *Id.* Although superficial distinctions can be made, this is not unlike Defendants' asserting invalidity in summary judgment while Ball argued for summary judgment of infringement.

[7] Defendants falsely assert that their Motion for Leave to file a supplemental summary judgment motion as to indefiniteness was "summarily denied" (Defs. Memo p. 8), when Defendants filed the entire summary judgment motion, statement of facts, and brief, and the Court entertained oral arguments on Defendants' Motion for Leave.

[8] This unerringly distinguishes the present situation from the circumstances in *Toro Co. v. Deers & Co.*, in which the accused infringer had no opportunity at all to either present or argue its additional invalidity defenses that were not raised in its summary judgment arguments. 355 F.3d 1313, 1322 (Fed. Cir. 2004).

9

indefiniteness, Defendants were precluded from thereafter making such assertion in the case. Rule 37(c)(1) Fed.R.Civ.P. (*see also* d/e 161 pp 7-8). Defendants' own 30(b)(6) witness testified there was nothing indefinite about the '969 Patent. (*Id.* p. 8). Hence, the Court correctly determined that Defendants waived their defense and had no legitimate basis to assert indefiniteness. Since the Defendants not only could have raised this issue, but actually briefed and had the opportunity to orally argue it, the issue is not proper for Rule 59(e) reconsideration. *Sigsworth*, 487 F.3d at 512.

> 2. *Defendants' "new argument" that <u>KSR v. Teleflex</u> precludes the Court's correct rejection of obviousness is improper as it contains nothing more than a rehash of Defendants' previously rejected arguments.*

After already extensively briefing obviousness (d/e 114 pp. 2, 5, 10-13; d/e 126 pp. 1-2, 5-11), and thereafter specifically briefing the potential impact of *KSR v. Teleflex* on this case (d/e 189), Defendants improperly seek to use Rule 59(e) to rehash their failed arguments and attack the Court's well-reasoned rejection of obviousness (d/e 191). (*See* Defs. Memo. pp. 8-11).[9] Defendants cite no new law and no new evidence. (*Id.* at pp. 8-11). There is nothing in Defendants' "new argument" that Defendants did not or could not have argued in their prior briefings. (*See* d/e 114, 126, 189). "[A] Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth*, 487 F.3d at 512. Hence, because the Court already considered and correctly rejected Defendants' arguments as to *KSR's* impact on the Court's obviousness ruling (d/e 191), *KSR* provides no basis for Defendants' Rule 59(e) Motion, which should be denied.

> 3. *Defendants' argument that they were improperly deprived of a jury trial speciously overlooks the fundamental principle of summary judgment.*

Defendants' position is simply specious. "When there is a material dispute of fact to be resolved or discretion to be exercised in selecting a financial award, then either side is entitled to a jury; if there is no material dispute and a rule of law eliminates discretion in selecting the remedy, then summary judgment is permissible." *BMG Music v. Gonzalez*, 430 F.3d 888, 892-893 (7th Cir. 2005). "Phonometrics argues that the district court violated its Seventh Amendment right to a jury trial on infringement. Phonometrics presented this issue in its brief but offered no

---

[9] Defendants' brashness is sobering. Without even acknowledging that they have already specifically briefed the Court on *KSR*, Defendants slight the Court's express consideration to Defendants in this regard by merely mentioning that the Court considered *KSR* "in a docket entry statement." (d/e 224 p. 9).

10

substantive argument on the point other than the following sentence: 'The Seventh Amendment guarantees the right to a trial by jury.' Phonometrics' argument has absolutely no merit because the grant of summary judgment does not violate the Seventh Amendment." *Phonometrics, Inc. v. Hospitality Intern., Inc.*, 120 Fed.Appx. 341, 345 (Fed. Cir. 2005). The same is true here.

### C. Defendants' Challenge To The Court's Summary Judgment Of Damages Is Legally Facetious And Is Undermined By The Federal Circuit's Recent Upholding Of This Court's Summary Judgment Reasonable Royalty Determination In *Mitutoyo* As Well As Defendants' Own Motion For Summary Judgment Of Damages.

#### 1. *Defendants' claim that it is somehow improper to grant summary judgment for patent damages is also specious.*

Defendants proclaim that, "Summary judgment on patent damages was improper." (d/e 224 p. 11). Yet, Defendants cite no law that states this, merely citing cases that state damages is an issue of fact. (*Id.*).[10] Defendants then misleadingly argue that because damages is a factual matter, summary judgment is improper. (*Id.* at pp. 11-12). This is fundamentally flawed.

It is well-recognized that factual matters may be resolved through summary judgment. Fed. R. Civ. P. 56(c). Even Defendants themselves have (correctly) put forth this law. (*See* d/e 197 pp. 3-4)("Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."). Moreover, this Court recited proper summary judgment law in its Opinion challenged by Defendants. (*See* d/e 221 pp. 2-3). Defendants' own recitation of the law derails their argument that summary judgment is improper for a reasonable royalty. The determining legal aspect is whether there exist any genuine issues of material fact that would preclude summary judgment (as to damages). As the Court correctly recognized, there were no genuine issues of material fact as to the evidence underlying the determination of a reasonable royalty in this case, and the Court correctly viewed the evidence on damages in the light most favorable to Defendants. (*See, generally,* d/e 221).

As an aside, Defendants inexplicably drift into an argument purportedly based upon the appellate standard of review for damages. (d/e 224 p. 11). This is simply irrelevant to a Rule 59(e) motion. (*See* law on reconsideration - § II. above).

---

[10] Citing *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512 (Fed. Cir. 1995); *SmithKline Diagnostics, Inc. v. Helena Labs Corp.*, 926 F.2d 1161 (Fed. Cir. 1991); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995); *SRI Int'l v. Matsushita Elec. Corp. of Amer.*, 775 F.2d 1107 (Fed. Cir. 1985)).

11

        2.      *Defendants' Rule 59(e) Motion further runs afoul of Defendants' startling assertion that Defendants could not find a single Federal Circuit decision that upheld a summary judgment determination of a reasonable royalty rate, when weeks before Defendants filed their motion the Federal Circuit upheld this very same Court's summary judgment in* Mitutoyo.

Further discrediting their entire Rule 59(e) Motion, Defendants assert that, "Tellingly, the Limited Defendants have been unable to locate a single Federal Circuit case where a reasonable royalty was properly determined on summary judgment." (d/e 224 p. 12). Yet, two weeks before Defendants filed their Motion, the Federal Circuit issued its ruling upholding this very Court's summary judgment determination of a reasonable royalty rate for patent infringement in another case. *Mitutoyo Corp. v. Central Purchasing, LLC*, 2007 WL 2482137 (Fed. Cir. 2007). Although remanded to correct a mistake in the royalty *base*, the Federal Circuit extensively reviewed Judge Der-Yeghiayan's ruling and expressly held that, "On these facts … the trial court's decision to use that rate [29.2%] was certainly not an abuse of discretion." *Id.*

        3.      *Defendants' Rule 59(e) Motion further runs afoul of Defendants' decision to file their own Summary Judgment Motion as to Damages.*

It is both hypocritical and disingenuous that Defendants criticize the Court for granting summary judgment on damages when Defendants themselves filed their own summary judgment motion as to damages (*see* d/e 197, 211), and vehemently argued in opposition to Ball's summary judgment motion that a summary determination of a 1% royalty rate would be appropriate (*see* d/e 150 p. 2; *see also id.* at pp. 7-10; *see also* d/e 204 pp. 3, 7-11). Defendants fail to explain how "the issue of damages was not susceptible to resolution on summary judgment" for Ball's motion, but that summary judgment would have been acceptable for Defendants' motion. (*See* d/e 224 pp. 11-13). Defendants would not now be attacking the Court's summary judgment order if the damages had turned out how Defendants requested.

    **D.**    **Defendants' Challenge To The Court's Finding Of Willful Infringement Also Improperly Asserts Arguments Defendants Could Have Previously Asserted, And The Court's Determination Is Consistent With *In re Seagate*.**

        1.      *Defendants' "new argument" that the Court's determination of willful infringement was improper in light of* In re Seagate *is itself improper as* In re Seagate *predates the Court's Opinion (d/e 221).*

Seeking to overturn the Court's Opinion of willful infringement, Defendants cite *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007). (Defs. Memo. pp. 13-15). However, *Seagate* was

decided prior to the Court's finding of willful infringement and Defendants have not shown that the Court did not consider *Seagate*. (*See id.*). *In re Seagate* issued on August 20, 2007, (*see* 497 F.3d 1360), while this Court's determination of willful infringement issued on September 5, 2007 (*see* d/e 221). Hence, *Seagate* is not "new law" for Rule 59(e) reconsideration.

Further buttressing this conclusion, Defendants took no steps to bring *Seagate* to the Court's attention prior to the Court issuing its Order (d/e 221), despite the Defendants' claim that *Seagate* "effected a sea change in the law of willfulness". (d/e 224 p. 14). Defendants could have sought leave to brief *Seagate*'s potential impact; provided the Court with a copy of *Seagate*; or at least notified the Court of the case. Instead, Defendants chose silence.

> 2. *Defendants' request is further flawed because Defendants fail to establish that the Court did not consider <u>In re Seagate</u> in its determination, or that the Court's determination is inconsistent with <u>In re Seagate</u>.*

While it is true that the Court's Opinion does not specifically cite *Seagate* (*see, generally*, d/e 221), the lack of a specific reference to *Seagate* is not fatal to the Court's analysis and correct determination of willfulness. Significantly, the Court's opinion did <u>not</u> cite or rely upon the standard for willfulness articulated in *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983), which was overruled by *Seagate*, 497 F.3d at 1371. (*See* d/e 221).

As a result, Defendants resort to misrepresenting and taking snippets of the Court's Opinion out of context in an attempt to characterize the Court's reasoning as inconsistent with *Seagate*. The only aspects of the Court's decision challenged by Defendants are the following:

(i) Defendants' claim that, "the Court explained that willfulness is found where "the infringer does not have 'sound reason to believe that it had the right to act in the manner that was found to be infringing.'" (d/e 224 p. 14);

(ii) Defendants' claim that, "The Court also, as part of its application of the second factor set forth in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992), concluded that the Limited Defendants did not have a good-faith belief of invalidity or non-infringement because they did not establish 'evidence of communication between Limited Defendants and legal counsel.'" (d/e 224 p. 14); and

(iii) Defendants claim that, "[The Court] additionally noted that the Limited Defendants' affirmative duty to avoid infringement 'will normally entail the obtaining of

13

competent legal advice before engaging in any potentially infringing activity or continuing activity.'" (d/e 224 p. 14).

Each of these misrepresents the Court's Opinion. None take the Court's Opinion out of *Seagate*. As to (i), the quote from the Opinion is actually the Court's recitation of *Ball's* argument. (*See* d/e 221 p. 24). Defendants' spin on (ii) is also misleading. The Court articulated in the first sentence of its *Read* Factor 2 analysis that it found the Defendants had conducted no investigation whatsoever to form a good-faith belief that the '969 Patent was invalid or not infringed. (d/e 221 p. 30). One aspect of that determination was Defendants' failure to seek legal advice, which they were not obligated to do, but could have. *Id.* Nowhere does the Court state that Defendants had an "affirmative duty" to seek a legal opinion. *Id.* Their failure to do so was merely one aspect of the Court's analysis of the second *Read* Factor. *Id.* Finally, as to (iii), while the Court adopted the precept that the duty to avoid infringement "normally" entails obtaining legal advice, Defendants fail to point out that in the very next sentence the Court expressly stated that, "an infringer is not required to obtain an opinion from counsel," and that "no adverse inference shall arise from invocation of the attorney-client or work product privilege." (d/e 221 p. 25). Hence, none of these statements conflict with *Seagate*, and none establish that the Court did not consider *Seagate*.

Moreover, while *Seagate* revised the willfulness standard to require that, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and that such likelihood "was either known or so obvious that it should have been known to the accused infringer" (497 F.3d at 1372), the Court's Opinion is consistent with this standard. The Court in detail explained:

i. Defendants "had notice of the '969 Patent. and their potential infringement of the '969 Patent, on October 9, 2003" (d/e 221 p. 26);

ii. "Limited Defendants made and sold the Accused Candle Tin beginning in March 2004 and that on September 8, 2004, BASC sent Limited Defendants an infringement letter" (*id.*);

iii. "The argument by Limited Defendants is, in effect, that no infringement could occur without a finding of infringement by the court. Such an argument is flawed." (*id.* at p. 27);

14

iv. Even after the Court issued its opinion of infringement, and after receiving a demand to stop selling their infringing products, and after assuring the Court that they had stopped all such sales, Defendants continued to sell the products "long after receiving the Cease & Desist Letter." (*id.* at p. 28);

v. "Regardless of Limited Defendants' belief about what constituted infringement of the '969 Patent, Limited Defendants continued to sell the Accused Candle Tin close to one year after this court found Limited Defendants to be infringing." (*id.*); and

vi. "Therefore, no reasonable jury could find other than that clear and convincing evidence exists that Limited Defendants were willfully infringing the '969 Patent and the amount of damages awarded to BASC should be enhanced." (*id.*).

These Court findings, among others, all firmly establish that Defendants' actions were objectively reckless and that Defendants were fully aware of the likelihood that they were indeed infringing. Simply because the Court did not use the express phrase "objectively reckless" to describe Defendants' actions does not alter the fact that they were. Consequently, the Court's finding of willful infringement comports with *Seagate*'s new standard.

> 3. *Defendants' last challenge to the Court's proper determination of willfulness on summary judgment is flawed for the very same reasons addressed in Section III.C. above.*

Finally, Defendants take a parting shot at the Court's Orders by claiming that it was improper to decide willfulness on summary judgment, "For the reasons stated in [the section of Defendants' brief concerning damages]". (d/e 224 p. 15). Once again, Defendants inexplicably drift into an argument purportedly based upon appellate standards of review. (*Id.*). This is simply irrelevant to a Rule 59(e) motion. (*See* law of reconsideration - § II. above).

In view of limiting brief length, Ball reiterates and incorporates by reference here its arguments from Section III.C. above, pointing out the speciousness of Defendants' claim that damages (or, here, willfulness) cannot be determined through summary judgment.

## CONCLUSION

For at least the reasons stated hereinabove, Ball respectfully urges this Honorable Court to deny all aspects of Defendants' Rule 59(e) Motion, and grant Ball all such other and further relief as the Court deems appropriate under the circumstances.

***********

Respectfully submitted,

By: *s/Douglas D. Churovich*
    Douglas D. Churovich
    William B. Cunningham, Jr.
    McPherson D. Moore
    Ned W. Randle
    Scott A. Smith
    Polster, Lieder, Woodruff & Lucchesi, L.C.
    12412 Powerscourt Drive, Suite 200
    St. Louis, MO 63131
    314-238-2400 (phone)
    314-238-2401 (fax)
    wcunningham@patpro.com
    mmoore@patpro.com
    dchurovich@patpro.com
    nrandle@patpro.com
    ssmith@patpro.com

    David J. Fish
    The Fish Law Firm, P.C.
    1770 North Park Street, Suite 200
    Naperville, IL 60563
    (630) 355-7590 (phone)
    (630) 929-7590 (fax)

    ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Marc S. Blackman, Esq.
        Jones Day
        77 West Wacker Drive,
        Suite 3500
        Chicago, IL 60601-1692
        (312) 782-3939

        and

        Michael J. Zinna, Esq.
        David M. Hill, Esq.
        John F. Ward, Esq.
        Ward & Olivo
        708 Third Avenue
        New York, NY 10017
        (212) 697-6262

        Attorneys for Defendants

        *s/Douglas D. Churovich*